364

(No. 2203—)

RUTH THETFORD, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1935.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed pro se June 29, 1933, for Six Hundred Nine and 66/100 Dollars. Claimant alleges that she was employed on June 27, 1927, as an attendant at the Chicago State Hospital at Dunning and has been continuously in the employ of the State since that time, except during the months of January, February, March and April, 1931, and that she is now in the employ of the State as an attendant, although performing the services of a staff stenographer, receiving a salary as such of Fifty-four Dollars ($54.00) per month.

Claimant was employed as an attendant at Forty-five Dollars ($45.00) per month. The Bill of Particulars filed by claimant seeks an award of $100.00 per month for the months of April, May, June, July, August and September, 1932— and $9.66 for the month of October, 1932—or a total of Six Hundred Nine and 66/100 Dollars ($609.66), for *services rendered as a record clerk.* A stipulation herein filed states that claimant was first employed as an attendant on June 27, 1927; that she resigned on December 31, 1930; that she was reemployed on May 13, 1931; that she was not paid any salary for the months of April to September inclusive nor for the first three days of October, 1932; that on May 13, 1931, she again worked in the office of the hospital as record clerk receiving an attendant's salary of Sixty Dollars ($60.00) per month; that in September, 1931, she passed a Civil Service examination as record clerk, the salary of which was One Hundred Dollars ($100.00) per month. Claimant was disapproved by the Civil Service Commission as record clerk

on October 4, 1932, and on said date went into service as an attendant, receiving a salary regularly thereafter as such.

On March 30, 1932 the Civil Service Commission notified Dr. Daniel D. Coffey, managing officer of the hospital that there were a number of eligibles ahead of Mrs. Thetford and that they had not been authorized to approve her employment as a record clerk. On April 30, 1932 the Commission notified Dr. Coffey that claimant was classified as an *attendant* and that they had no authority to certify her as a record clerk ahead of others having preferential standing. On May 6, 1932 the Commission notified Rodney H. Brandon, Director of the Department of Public Welfare that ''On March 30, 1932 we wrote Dr. Coffey that we would not approve the employment of Ruth Thetford—as record clerk, but she appears on the April roll as such''. On May 12, 1932 Dr. Coffey's pay-roll list was returned to him with Ruth Thetford's name stricken. On September 12, 1932 Dr. Coffey notified the State Civil Service Commission that Mrs. Thetford had been advanced to record clerk automatically because of the failure of others, employed in his office as record clerks, to pass such examinations. On November 17, 1932 the Civil Service Commission notified A. L. Bowen, Superintendent of Charities that ''Vouchers for Ruth Thetford as record clerk had not, and would not be approved because the managing officer had been notified not to carry her as such.''

The position of *record clerk* was within the Civil Service classification and no appointment could be made thereto, except upon the certification by the Commission from the eligible list under such classification. If there had been no eligible list, then a temporary appointment could have been made by the appointing officer with the authority of the Commission, such appointment to remain in force only until a regular appointment could be made. Claimant was never certified to the appointment of the position as record clerk nor was any temporary appointment to such position approved by the Commission. The appointment of claimant as record clerk by Dr. Coffey required the approval of the Civil Service Commission, and as the Commission not only did not approve but directly disapproved such appointment, claimant was not authorized to serve as such. Claimant could not, through the co-operation of Dr. Coffey, create a

liability against the State by seeking out and performing services for the State for which no proper authorization had been given.

The Civil Service Law requires that the Civil Service Commission shall certify to the State Auditor all appointments to offices and places in the classified civil service and all vacancies occurring therein. There is no showing that she performed any duties as an attendant during the period for which an award is sought and she could not well contend for compensation as a record clerk and at the same time ask for an award for services rendered as an attendant. Apparently an attempt was made to evade the Civil Service Commission's rulings and to carry the claimant on the payroll at an advanced wage over that which she was entitled to receive under her employment. Such efforts continued for six months and three days. No action was taken by the claimant during that time with the Civil Service Commission. Had the employment been for but a month or two and had the claimant made any effort through the Commission during that time for an adjustment, an award might be justified. No employee nor managing officer should be encouraged to continue in an employment in the manner herein indicated in the belief that they have everything to gain and nothing to lose, and that if they failed to collect the larger salary they might always obtain an award for the smaller. As there is nothing in the record upon which to base an award to claimant as an attendant at the hospital, the claim is dismissed.